**Roger BOGGS, Petitioner-Appellant,**

v.

**Ralph EVITTS and Attorney General of Kentucky, Respondents-Appellees.**

No. 86–5617.

United States Court of Appeals,
Sixth Circuit.

Argued March 13, 1987.

Decided May 11, 1987.

C. McGehee Isaacs (argued), Asst. Public Advocate, Dept. of Public Advocacy, Frankfort, Ky., for petitioner-appellant.

C. Lloyd Vest, II (argued), Asst. Atty. Gen., Frankfort, Ky., for respondents-appellees.

Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and CELEBREZZE, Senior Circuit Judge.

WELLFORD, Circuit Judge.

Petitioner-appellant, Roger Boggs, convicted in Kentucky state courts of trafficking in a controlled substance, appeals from denial of his habeas corpus petition by the district court. Boggs appealed from his conviction in 1982 to the Kentucky Court of Appeals, which affirmed the conviction and sentence imposed. The Kentucky Supreme Court denied his motion for discretionary review in 1984. Two issues, previously litigated, were presented to the district court as a basis for habeas corpus relief: (1) the trial court's denial of a continuance due to unavailability of a material witness, and (2) failure to grant Boggs' motion for a directed verdict based on his theory of entrapment. In addition, Boggs argued before the district court that application of a Kentucky rule of procedure in Kentucky courts amounted to violation of his constitutional right of confrontation.

The controversy was referred by the district judge to Magistrate Joseph M. Hood, who submitted his report and recommendation promptly on the two issues which are construed to be presented in the district court:

First, it is alleged that the trial court's refusal to grant him a second continuance in which to secure the presence of a missing witness violated rights secured under the Fifth and Sixth Amendments. Second, Boggs claims that the trial court abused his Fifth Amendment rights by failing to grant a directed verdict of acquittal based on the defense of entrapment.

The magistrate concluded that "the substance of both of these arguments has been fairly presented to, and rejected by, the Kentucky courts" and he made a report recommending denial of Boggs' petition. Timely objections were made to the report. Judge Wilhoit, in approving the report and recommendation, stated that "the first issue raised ... actually challenges the constitutionality of Rule 9.04 of the Kentucky Rules of Criminal Procedure."[1] The district court found no constitutional violation with respect to either issue as postulated by the magistrate.

In the petition filed with the district court, Boggs described his appeal from his state court conviction to involve then two grounds:

> 1. Trial courts failure to grant a second continuance because of absence of a material witness. 2. Failure to grant a directed verdict or judgment notwithstanding the verdict where evidence showed entrapment.

In expounding upon ground one in the habeas corpus petition, Boggs did refer to his "Fifth Amendment due process rights and Sixth Amendment rights of confrontation."

■ Much of appellant's oral argument was directed toward the denial of Boggs' confrontation right in refusing to grant a requested continuance because a paid informant for the government who contacted Boggs about obtaining drugs could not be located for his trial testimony, which Boggs claimed would be favorable to him and would establish his claim of entrapment. Respondent's counsel, however, specifically denied that Boggs had raised the issue of the constitutionality of Kentucky Criminal Rule 9.04 before the Kentucky appellate courts. Whether Boggs had exhausted this issue was vigorously contested.

The Kentucky Court of Appeals' decision states that Boggs' principal argument on direct appeal was the alleged error in refusal to direct a verdict of acquittal based upon his defense of entrapment. The entire discussion of the failure to grant a continuance issue was as follows:

> Finally, the appellant argues that the trial court abused its discretion in overruling his motion for a continuance. Again, we disagree. Although the trial court overruled the motion, it allowed an affidavit to be admitted into evidence setting forth what the missing witness' testimony would be. Given the fact that the Commonwealth agreed to the introduction of the affidavit, the trial court acted correctly in overruling the motion. RCr 9.04. As such, we find no error in this respect.

(No. 83–CA–735–MR, opinion rendered March 9, 1984, at 2).

Looking to appellant's brief filed in the Kentucky Court of Appeals, we find no specific reference to the United States Constitution but rather reference is made to the procedure set forth in RCr 9.04. (J/A 75). Appellant made reference to the use of the affidavit procedure under the rule in question as "ordinarily committed to the sound discretion of the trial court." (J/A 95). He contended that there was abuse of such discretion in this case amounting to prejudicial error, citing a Kentucky case. (J/A 95). In summary, Boggs contended in his appellate brief to the Kentucky Court of Appeals that "it seems clear that the refusal of the trail [sic] court to grant a continuance until the Commonwealth could produce its paid informant was *an abuse of judicial discretion.*" (J/A 96, emphasis added).

The Commonwealth's response to appellant's brief was to cite RCr. 9.04 as making

---

1. The Rule states:

The court, upon motion and sufficient cause shown by either party, may grant a postponement of the hearing or trial. A motion by the defendant for a postponement on account of the absence of evidence may be made only upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it. If the motion is based on the absence of a witness, the affidavit must show what facts the affiant believes the witness will prove, and not merely the effect of such facts in evidence, and that the affiant believes them to be true. If the attorney for the Commonwealth consents to the reading of the affidavit on the hearing or trial as the deposition of the absent witness, the hearing or trial shall not be postponed on account of his absence.

"denial *mandatory.*" (J/A 108, emphasis added). Thus, the respondent concluded that "[i]n this situation, the trial court was without discretion to grant a continuance due to an absent witness." (J/A 108). There is simply no evidence that the constitutionality of the application of the Kentucky Rule in question was ever presented to the Kentucky trial court, Kentucky Court of Appeals, or the Kentucky Supreme Court.

Under these circumstances, we must conclude that appellant has not exhausted his state remedy in presenting the constitutional challenge to the Kentucky courts for decision before seeking relief on this claimed basis in federal court. The issue presented to the Kentucky courts questioned whether the trial judge abused his discretion in applying the rule, thereby permitting the affidavit prepared by Boggs' counsel as to the specific purported testimony anticipated from the absent and absconded witness to be read to the jury. This was permitted due to the unavailability of that witness after considerable effort to learn his whereabouts. Whether there was an abuse of discretion in application of a state rule of criminal procedure is an entirely different claim from challenging the constitutionality of the rule as applied in the circumstances of this case. The constitutionality of a longstanding state rule of criminal procedure particularly calls for an opportunity of the state courts of Kentucky to consider the implications of a constitutional challenge. Rules of comity and decent respect for our federal system compel our conclusion that Boggs must first exhaust in Kentucky courts what was presented as his principal claim before this court.

■ The precedent in this situation is clear and specific. If an unexhausted claim is presented on a habeas corpus petition, together with another or others that have been exhausted, we must dismiss the habeas corpus petition. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Bowen v. Tennessee,* 698 F.2d 241, 243 (6th Cir.1983)

(en banc). *See also Anderson v. Harless,* 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982), and *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). We have no occasion to rule upon the entrapment or insufficiency of evidence claims.

Accordingly, we DISMISS the habeas corpus petition for failure to exhaust a principal claim attempted to be presented and relied upon as a basis for relief. This dismissal is without prejudice to appellant's right to pursue his claim of unconstitutionality of the Kentucky criminal rule of procedure at issue before Kentucky courts so that they may have a full and fair opportunity to consider the implications of appellant's constitutional argument in this respect.