891 F.2d 290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen Lee FLEETWOOD, Petitioner-Appellant,
v.
The STATE of Michigan, Respondent-Appellee.
 Nos. 89-1056, 89-1104.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1989.
 
 Before KEITH and KENNEDY, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Allen Lee Fleetwood, a pro se Michigan prisoner, appeals from the district court's denial of a petition for a writ of habeas corpus that he filed pursuant to 28 U.S.C. § 2254 (1977). These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Fleetwood was convicted by a jury of first degree murder and sentenced to prison for life without parole. His conviction was affirmed by the Michigan Court of Appeals and discretionary review was denied by the Michigan Supreme Court. Fleetwood then filed a petition for habeas corpus relief in federal district court.
 
 
 3
 Fleetwood raised four grounds for relief in his petition: 1) that his privilege against self-incrimination was violated during police interrogation, 2) that his confession was coerced, 3) that the prosecution withheld exculpatory evidence at his trial, and 4) that his confession was admitted in violation of Michigan's corpus delecti rule. This rule requires the prosecution to establish the substance of the crime charged by independent proof before admitting a defendant's confession into evidence. People v. Williams, 422 Mich. 381, 373 N.W.2d 567 (1985).
 
 
 4
 A magistrate recommended that the petition be dismissed for lack of exhaustion. Fleetwood was advised that he had ten days in which to file his objections to the magistrate's report, but he failed to do so. The district court then adopted the magistrate's recommendation and denied the petition.
 
 
 5
 Fleetwood appears to have abandoned his first three claims for relief on appeal. However, he does reassert his claim that his conviction was not supported by sufficient evidence because his confession was admitted in violation of Michigan's corpus delecti rule. His brief also contains a request for copies of his transcripts.
 
 
 6
 Upon review, we deny Fleetwood's request for transcripts and affirm the district court's denial of his petition for habeas relief.
 
 
 7
 A review of the record indicates that Fleetwood did not file any objections to the magistrate's report and did not offer any explanation as to why he failed to do so. The magistrate's report clearly indicated that objections must be filed within ten days to preserve Fleetwood's right to appeal. Under these circumstances, we conclude that Fleetwood has waived appellate review of the district court's order. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 8
 The "interests of justice" would not be served by creating an exception to this well-settled rule in the instant case. See Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987). Fleetwood has not exhausted his state remedies as required by 28 U.S.C. § 2254(b). To do so, he must submit each of his claims to the highest level of review that is available in the state courts. Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987); Sampson v. Love, 782 F.2d 53, 55 (6th Cir.), cert. denied, 479 U.S. 844 (1986). The failure to exhaust state remedies as to even one of the claims asserted creates a "mixed petition" that may be denied in its entirety. Rose v. Lundy, 455 U.S. 509, 522 (1982); Bowen v. Tennessee, 698 F.2d 241, 243 (6th Cir.1983) (en banc).
 
 
 9
 The brief that Fleetwood filed with the Michigan Court of Appeals shows that he did not argue that his privilege against self-incrimination was violated, that his confession was coerced, or that the prosecution withheld favorable evidence at his trial. The state courts have not had an opportunity to review these claims. Moreover, Fleetwood's corpus delecti claim was never presented as a constitutional issue in the state courts, as required by Anderson v. Harless, 459 U.S. 4, 6-7 (1982).
 
 
 10
 A habeas petitioner must "provide the state courts with a 'fair opportunity' " to evaluate his constitutional claims. Id. at 6. "It is not enough that all the facts necessary to support the federal claim were before the state courts ..., or that a somewhat similar state-law claim was made." Id. (citation omitted). The legal as well as the factual basis of the constitutional claim must be presented to the state courts. Id. Fleetwood did not ask the state courts to review his corpus delecti claim on constitutional grounds. Instead, his argument before the state courts focused exclusively on an alleged misapplication of state evidentiary rules. Under these circumstances, it cannot be said that Fleetwood has exhausted his opportunities for state review of this claim. See Boggs v. Evitts, 818 F.2d 534, 536 (6th Cir.1987); Franklin v. Rose, 811 F.2d 322, 325 (6th Cir.1987).
 
 
 11
 The court notes that Fleetwood may be able to raise his claims in the Michigan courts in a delayed motion for new trial pursuant to Mich.Stat.Ann. § 28.1099 (1986), in a motion for relief from judgment pursuant to Mich.Ct. Rule 6.502 (1989), or in a petition for habeas corpus relief pursuant to Mich.Ct. Rule 3.303 (1989). While pursuing these state remedies, Fleetwood should be able to obtain a copy of his transcripts by filing a written motion under Mich.Ct. Rule 6.101(L) (1989).
 
 
 12
 Accordingly, the request for transcripts is denied and the judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.