Paul R. MANNING,
Petitioner–Appellant,

v.

George ALEXANDER,
Respondent–Appellee.

No. 89–3252.

United States Court of Appeals,
Sixth Circuit.

Submitted May 10, 1990.

Decided Aug. 31, 1990.

Paul R. Manning, London, Ohio, for petitioner-appellant.

John J. Gideon, Robert L. Solomon, Office of the Atty. Gen. of Ohio, Columbus, Ohio, for respondent-appellee.

Before MARTIN and GUY, Circuit Judges; and GILMORE, District Judge.*

* The Honorable Horace Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

BOYCE F. MARTIN, Jr., Circuit Judge.

Manning appeals the district court's dismissal of his habeas corpus petition from an Ohio state conviction for rape and gross sexual imposition. The district court held that Manning had not exhausted his state remedies for his claim of ineffective assistance of counsel during his first direct appeal of right.

In May 1984, Paul R. Manning was indicted by the Wood County, Ohio Grand Jury on one count of rape and two counts of gross sexual imposition. Specifically, Manning was charged with raping Bobbie Jo Luoma on May 30, 1983. Luoma was Manning's 15 year-old niece. She lived with Manning in Toledo, Ohio after she left her mother in Florida. Manning was also charged with two counts of gross sexual imposition for his March 1984 actions toward Luoma and her friend and classmate, Lana Murphy. The girls revealed Manning's alleged activities to the Wood County Welfare Department which took custody of them. The girls then recounted Manning's activities in juvenile proceedings prior to the indictment. On September 11, 1984, an Ohio state court jury found Manning guilty of rape and one count of gross sexual imposition for his actions involving Bobbie Jo Luoma. He was acquitted on the gross sexual imposition charge involving his actions with Lana Murphy. On October 17, 1984, the state trial judge sentenced Manning to a term of five-to-twenty-five years in prison for the rape conviction and a concurrent term of one year in prison for the gross sexual imposition conviction.

Manning, with the assistance of different counsel than his trial attorney, appealed his conviction to the Court of Appeals for the Sixth Appellate District of Ohio, which includes Wood County. He alleged that his trial counsel was ineffective under the sixth amendment of the United States Constitution and Article 1, Section 10 of the Ohio State Constitution for failing to apprise him of a plea bargain offer, for failing to make essential written motions and for failing to ensure that his objections were recorded. He also claimed that he was denied his right to a fair trial under the sixth amendment of the United States Constitution, Article 1, Section 10 of the Ohio State Constitution, and the Ohio Rules of Evidence when the prosecutor insinuated Manning's guilt for welfare fraud, an irrelevant issue in his rape trial. Manning also claimed that the trial judge erred by failing to allow a defense witness to testify on matters damaging to the credibility of a prosecution witness and by allowing a rebuttal witness to testify about statements made to her by a defense witness regarding threats of sexual conduct made to that defense witness by Manning.

On January 12, 1985, the Ohio Court of Appeals rejected Manning's arguments and affirmed his conviction. Manning narrowed the scope of his appeal to two federal constitutional issues for review by the Supreme Court of Ohio. Manning alleged that his counsel's failure to communicate a plea bargain offer reducing the severity of the charges against him constituted ineffective assistance of counsel and a denial of his sixth amendment rights. He also claimed that his sixth and fourteenth amendment rights were violated when the trial court allegedly allowed the prosecution to put on a rebuttal witness to testify to matters which did not rebut testimony in the defense's case and which were inflammatory and collateral to the issues at trial. On October 30, 1985, the Supreme Court of Ohio overruled his motion for leave to appeal.

Manning then filed two petitions for post-conviction relief pursuant to Ohio Rev. Code § 2953.21 [1] in the Ohio Common Pleas

---

1. § 2953.21 provides, in pertinent part:

§ 2953.21 Petition to vacate or set aside sentence

(A) Any person convicted of a criminal offense or adjudged delinquent claiming that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file such a

Court. The first, filed March 22, 1988, alleged ineffective assistance of trial counsel. The second, filed March 31, 1988, alleged that he received ineffective assistance of appellate counsel during his first direct appeal of right. Both petitions were denied by the Common Pleas Court on May 17, 1988. Manning appealed these decisions to the Ohio Court of Appeals and moved to consolidate the appeals.

On June 22, 1988, on consideration of Manning's motion to consolidate the cases, the Court of Appeals *sua sponte* dismissed Manning's appeal on the ineffective assistance of appellate counsel claim. The Court of Appeals ruled that a claim of ineffective assistance of appellate counsel was not cognizable in a post-conviction relief action under Ohio Rev.Code § 2953.21. On October 27, 1988, the Court of Appeals dismissed petitioner's claim of ineffective assistance of trial counsel on the basis of *res judicata.*

Manning then sought leave to appeal to the Supreme Court of Ohio, arguing that claims of ineffective assistance of counsel on a direct appeal as a matter of right are cognizable in Ohio Rev.Code § 2953.21 petitions for post-conviction relief, and that his appellate counsel was ineffective. He claimed that Rule 37(B) of the Ohio Rules of Juvenile Procedure [2] was unconstitutional because it violated Manning's right to effectively cross-examine the state's complaining witness, and that the trial court abused its discretion in denying Manning the use of a transcript of proceedings taken in juvenile court because the substance of the testimony would exonerate Manning of the charges that he raped the complaining witness. On September 30, 1988, the Supreme Court of Ohio dismissed petitioner's appeal *sua sponte* stating that the appeal did not present a substantial constitutional question.

On September 30, 1988, Manning petitioned for a writ of habeas corpus in federal district court. One of his claims was that his counsel during his direct appeal as a matter of right was ineffective in raising a constitutional challenge to Rule 37(B) of the Ohio Rules of Juvenile Procedure because that rule allegedly denied his right to effectively cross-examine the complaining witness at his state criminal trial. He also claimed that the state trial court abused its discretion in denying Miller the use of a transcript of proceedings in the juvenile court which he claims would exonerate him for the rape charges against him.

The district court dismissed the petition after finding that Manning had failed to exhaust his state remedies as required in 28 U.S.C. § 2254(b), (c). The district court found that under Ohio law, Manning's claim was not cognizable under the post-conviction remedy provided in Ohio Rev. Code § 2953.21. Rather, Manning had the option to seek a petition for hearing in the Supreme Court of Ohio, a petition for a writ of habeas corpus in the Ohio Court of Appeals, or a motion for reconsideration of the appellate court judgment. While Manning raised his claim in the state court, the district court found that he did not do so properly and declined to consider his petition until his claims were fully and properly exhausted under 28 U.S.C. § 2254 and *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Subsequently, Manning filed a state habeas corpus petition resulting in the Ohio Supreme Court's decision in *Manning v. Alexander,* 50 Ohio St.3d 127, 553 N.E.2d 264 (1990), where it held that claims of ineffective assistance of appellate counsel could not be raised in a state habeas corpus petition. We now review the district court's decision dismissing Manning's *federal* habeas corpus petition.

State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy,* 455

---

supporting affidavit and other documentary evidence as will support his claim for relief.

**2.** Rule 37(B) provides, in pertinent part:

**(B) Restrictions on use of recording or transcript.**

No public use shall be made by any person, including a party, of any juvenile court record, including the recording or a transcript thereof of any juvenile court hearing, except in the course of an appeal or as authorized by order of the court.

U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims. *See Justices of Boston Mun. Court v. Lydon,* 466 U.S. 294, 302–03, 104 S.Ct. 1805, 1810, 80 L.Ed.2d 311 (1984); *Harris v. Rees,* 794 F.2d 1168, 1174 (6th Cir.1986) ("question really is whether [state] courts had a fair opportunity to consider appellee's claim. . . ."). "The factual and theoretical substance of a claim must be presented to state courts to render it exhausted for federal habeas corpus purposes." Eighteenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1987–1988, 77 Geo. L.J. 489, 1311 (1989); *see Boggs v. Evitts,* 818 F.2d 534, 535–36 (6th Cir.1987) (exhaustion requirement not satisfied in petition raising due process claims where petitioner had raised no constitutional claim in Kentucky courts); *Kilby v. Jones,* 809 F.2d 324, 325 (6th Cir.1987) (exhaustion requirement not satisfied for petition claiming counsel's ineffective trial conduct where petitioner only presented Tennessee courts with issue concerning adequacy of counsel's investigation). Under the district court's decision, Manning's petition contains both exhausted and unexhausted claims. Prisoners may not bring such "mixed petitions" under the exhaustion doctrine. *Rose v. Lundy,* 455 U.S. at 510, 102 S.Ct. 1199. If Manning has exhausted his ineffective assistance of appellate counsel claim, he need not choose between attempting to exhaust that claim in state court or resubmitting a habeas petition with only exhausted claims. *Id.*

▇ This case concerns only the issue of whether Manning exhausted his state remedies regarding his ineffective assistance of appellate counsel claim. We believe that he did. Manning first sought review of his ineffective assistance of appellate counsel claim in an Ohio Common Pleas Court which denied his petition. He then raised the issue in the Ohio Court of Appeals which held that he improperly raised his claim under Ohio procedural laws. He then sought review in the Supreme Court of Ohio, *inter alia,* of the procedural decision of the Court of Appeals and his claim of ineffective assistance of appellate counsel. The Supreme Court of Ohio dismissed his appeal and Manning sought relief under 28 U.S.C. § 2254.

The district court, consistent with the Ohio Court of Appeals's reasoning, held that Manning failed to exhaust his state remedies and that Manning failed to properly raise his claim in the Ohio courts. Likewise, the State of Ohio contends that Manning failed to exhaust his state remedies for his ineffective assistance of appellate counsel claim. According to the State of Ohio, under Ohio law, Manning can petition for a hearing in the Supreme Court, petition for a writ of habeas corpus in the state appellate court, or file a motion for reconsideration in the state appellate court. *Ohio v. Rone,* No. C–820640, slip op. 1st Dist. Ohio, 1983 WL 5172 (Aug. 31, 1983); *Ohio v. Fraley,* No. 88–AP–180, slip op. 10th Dist. Ohio, 1988 WL 55434 (May 17, 1988); *Ohio v. Mitchell,* 53 Ohio App.3d 117, 559 N.E.2d 1370 (1988); *Ohio v. Wilson,* No. C–830134, slip op. 1st Dist. Ohio, 1983 WL 2372 (Dec. 14, 1983). Consequently, while Manning raised his claim in state court, he did not do so properly because Ohio Rev.Code § 2953.21 is not the proper remedy. *See Rone, supra.*

We disagree. While the Ohio Court of Appeals slip opinions cited by the State of Ohio hold that Ohio Rev.Code § 2953.21 is an improper vehicle for raising ineffective assistance of appellate counsel claims, other Ohio Court of Appeals decisions have addressed ineffective assistance of appellate counsel claims on appeal from denied § 2953.21 petitions. *See State v. Simpson,* No. 38506, slip op. 8th Dist. Ohio (April 5, 1979); *State v. Sawyer,* No. CA85–12–160, slip op. 12th Dist. Ohio, 1986 WL 7116 (June 23, 1986); *State v. Kaldor,* No. 83–B–12, slip op. 7th Dist. Ohio, 1985 WL 10432 (April 29, 1985). More importantly, last year, in *Ohio v. Howard,* 42 Ohio St.3d 18, 537 N.E.2d 188 (1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 203, 107 L.Ed.2d 157 (1989), the Supreme Court of Ohio reached

the merits of an ineffective assistance of appellate counsel claim which was raised by Ohio Rev.Code § 2953.21. While the court does not discuss the procedural aspects of the appeal in *Howard*, correct procedure was presumably necessary to give the court jurisdiction to hear the merits where, incidentally, the court found that the defendant's appellate counsel was ineffective.

The Ohio Supreme Court recently held that actions alleging ineffective assistance of appellate counsel may not be maintained in habeas corpus. *Manning v. Alexander*, 50 Ohio St.3d 127, 553 N.E.2d 264 (1990); *In re: Petition of Brown*, 49 Ohio St.3d 222, 551 N.E.2d 954 (1990). Those decisions do not discuss the Ohio appellate courts' determination that ineffective assistance of appellate counsel claims may not be maintained in an action under Ohio Rev.Code § 2953.21. Rather, those two decisions hold that the habeas corpus remedy announced in the Ohio Court of Appeals slip opinions is not a viable means to raise an ineffective assistance of counsel claim.

In *In re: Petition of Brown*, the Supreme Court of Ohio held that a claim of ineffective assistance of appellate counsel is "based on constitutional guarantees. Therefore, it may be appealed as of right to this court under Section 2(A)(2)(a)(iii) of Article IV of the Ohio Constitution,[3] to be dealt with as prescribed in Section 3(B), Rule II of the Rules of Practice of the Supreme Court of Ohio.[4] We deem this an adequate remedy of law, which precludes issuance of the writ of habeas corpus." 49 Ohio St.3d at 223, 551 N.E.2d at 955 (footnote supplied).

The Supreme Court of Ohio applied its holding in *Brown* to Manning's state habeas corpus petition, filed after the district court dismissed his federal habeas corpus petition, and upheld the Ohio Court of Appeals's dismissal of his ineffective assistance of appellate counsel claim because that claim could not be maintained in habeas corpus. *Manning v. Alexander*, 50 Ohio St. 3d 127, 553 N.E.2d 264.

For claims of ineffective assistance of appellate counsel, the Supreme Court of Ohio has not spoken clearly on how to initiate those claims—only stating that they may be made directly under the Ohio State Constitution and that they may not be made in state habeas corpus petitions. It appears that Ohio Rev.Code § 2953.21 is a procedural method by which an ineffective assistance of appellate counsel claim may be directly presented to the Supreme Court of Ohio consistent with the holding in *Brown*. Our conclusion is reenforced by the Supreme Court of Ohio's past consideration of an ineffective assistance of appellate counsel claim raised under § 2953.21, *see Howard*, 42 Ohio St.3d 18, 537 N.E.2d 188, and the fact that the provisions of the Ohio Constitution and the Ohio Supreme Court's Rules cited in *Brown* do not clearly delineate the process by which one raises an ineffective assistance of appellate counsel claim.

Moreover, in *Brown*, the Supreme Court of Ohio cited Rule II, Section 3(B) of its Rules of Practice as a guide for its consideration of claims of ineffective assistance of appellate counsel. That rule states that if the Supreme Court of Ohio deems that a case on direct appeal lacks a substantial constitutional question, the court shall *sua sponte* dismiss the appeal. That is precisely what was done in this case on September 30, 1988.

■ In this case, then, Manning pursued an appropriate remedy when he filed his

---

**3.** Section 2(A)(2)(a)(iii) provides:

(2) The supreme court shall have appellate jurisdiction as follows:

(a) In appeals from the courts of appeals as a matter of right in the following:

.    .    .    .    .

(iii) Cases involving questions arising under the constitution of the United States or of this state.

**4.** Section 3(B) provides:

**Section 3.  Consideration as to Existence of Constitutional Question.**

(B) Where appellate claims that he has an appeal as of right (*i.e.,* that the case involves a constitutional question), the Supreme Court will, *sua sponte,* consider the case as on a motion to dismiss the appeal as one not involving any substantial constitutional question and will consider such motion to dismiss at the same time that it considers any motion to certify or motion for leave to appeal in the case.

§ 2953.21 petition and followed through with his claim to the Supreme Court of Ohio. To exhaust his or her remedies, a petitioner for federal habeas corpus relief is only required to raise his claims before the state's highest court. The fact that the state court does not address the merits of the claim does not preclude a finding of exhaustion. *Harris v. Rees*, 794 F.2d 1168, 1173 (6th Cir.1986).

Whatever refinements the Supreme Court of Ohio makes in this area of Ohio procedure are, of course, matters of state law. For the purposes of federal habeas corpus's exhaustion requirement, however, we hold that Manning adequately presented his ineffective assistance of appellate counsel claim to the Supreme Court of Ohio. As a result, the Supreme Court of Ohio had a full and fair opportunity to consider the claims raised in Manning's petition for habeas corpus relief. Consequently, the exhaustion requirements of 28 U.S.C. § 2254 and *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379, were fulfilled by Manning.

Therefore, the district court's judgment is reversed and this case is remanded for full consideration of the merits in Manning's petition for federal habeas corpus relief.