929 F.2d 700
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald S. BATTLE, Petitioner-Appellant,
v.
Terry L. MORRIS, Warden, Southern Ohio Correctional Facility
at Lucasville, Ohio, Respondent-Appellee.
 No. 90-3988.
 United States Court of Appeals, Sixth Circuit.
 April 3, 1991.
 
 N.D.Ohio No. 89-02256; Sam H. Bell, J.
 
 N.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before KENNEDY and RYAN, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 3
 Petitioner, Ronald S. Battle, who is represented by counsel, appeals the district court's dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254 for failure to exhaust available state court remedies. The case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 On March 21, 1985, a Stark County, Ohio, jury found Battle guilty of aggravated robbery, and guilty of having a weapon under a disability. He was sentenced to ten to twenty-five years on the aggravated robbery charge, three years for the firearm specification, and three to five years for having a weapon under a disability. The sentences were to be served concurrently.
 
 
 5
 On March 22, 1985, Battle pleaded guilty to the charge of breaking and entering. He was sentenced to a determinate term of two years imprisonment, to be served consecutively with the aggravated robbery charge.
 
 
 6
 On April 26, 1985, Battle pleaded guilty to the charge of grand theft. He was sentenced to a term of one year imprisonment, to be served concurrently with the sentences for aggravated robbery and having a weapon under a disability.
 
 
 7
 The Ohio Court of Appeals, Fifth Appellate District, affirmed the judgment of the trial court on October 7, 1985. Battle sought leave to appeal the decision of the Court of Appeals to the Ohio Supreme Court. On May 13, 1987, the Ohio Supreme Court denied leave to appeal for lack of a substantial constitutional question.
 
 
 8
 On May 8, 1989, Battle filed a petition for a writ of habeas corpus based on a claim that his conviction was against the manifest weight of the evidence. On October 31, 1989, Battle's petition was dismissed without prejudice per Battle's motion.
 
 
 9
 On November 21, 1989, Battle filed the instand petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. He raised the following ground for relief:
 
 
 10
 Petitioner was denied his Sixth Amendment right to effective assistance of appellate counsel by appellate counsel's failure to advance significant and obvious constitutional errors on appeal where such errors clearly may have resulted in reversal of the convictions or an order for a new trial.
 
 
 11
 In a supplemental brief, Battle claimed that he was denied his sixth amendment right to effective assistance of trial counsel. This lack of effective representation, Battle asserts, is the result of trial counsel's conflict of interest resulting from the dual representation of Battle and a Mr. Von Carter who was also indicted with Battle on the aggravated robbery charge and who, in exchange for immunity or other consideration, agreed to testify as a witness against Battle.
 
 
 12
 Upon the recommendation of a magistrate, the district court determined that Battle had not exhausted available state court remedies with respect to his claims and dismissed the petition for habeas relief. Battle then filed this appeal.
 
 
 13
 Based upon a careful review of the record as well as the briefs, this court concludes that the district court did not err in dismissing the petition for a writ of habeas corpus. See Pillette v. Foltz, 824 F.2d 494, 498 (6th Cir.1987). Battle has not exhausted his available state court remedies. Under Ohio law, a claim of ineffective assistance of appellate counsel may be raised by way of a petition to vacate or set aside sentence pursuant to Ohio Rev.Code Sec. 2953.21, see Manning v. Alexander, 912 F.2d 878, 881-82 (6th Cir.1990), or through a petition for rehearing before the Ohio Supreme Court, see In re Brown, 49 Ohio St.3d 222, 223, 551 N.E.2d 954, 955 (1990). Battle's claim of denial of effective assistance of trial counsel is not barred and may be pursued via a petition to vacate or set aside sentence pursuant to Ohio Rev.Code Sec. 2953.21. Cf. State v. Cole, 2 Ohio St.3d 112, 443 N.E.2d 169, 170-71 (1982) (where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and the issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief).
 
 
 14
 Accordingly, the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation