943 F.2d 52
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl S. PARISEAU, Petitioner-Appellant,
v.
Arnold R. JAGO, Respondent-Appellee.
 No. 90-3531.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1991.
 
 Before KEITH, Circuit Judge, WELLFORD, Senior Circuit Judge, and GADOLA, District Judge.*
 PER CURIAM:
 
 
 1
 Petitioner Darryl S. Pariseau ("petitioner") appeals from the April 19, 1990, dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 and the May 14, 1990, order overruling his motion for new trial or to alter or amend judgment. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Petitioner was indicted on April 16, 1976, by the grand jury of Cuyahoga County, Ohio, for aggravated murder, with specification, for aggravated robbery, and for grand theft. Prior to trial the aggravated murder specification and the aggravated robbery and grand theft counts were dismissed. Petitioner was tried separately from his codefendant Zygmunt Lewicki ("Lewicki").
 
 
 3
 At trial, petitioner was represented by the same lawyer who had represented Lewicki in an earlier trial. Lewicki was convicted approximately three months prior to petitioner's trial. At Lewicki's trial, Lewicki testified in his own defense. Lewicki denied killing the victim and denied seeing anybody else kill the victim.
 
 
 4
 At petitioner's subsequent trial, petitioner testified in his own defense. Petitioner testified that he did not kill the victim, but was present when Lewicki killed the victim, acting in self-defense. A jury found petitioner guilty of the lesser included offense of murder and he was sentenced to a term of fifteen years to life.
 
 
 5
 Petitioner appealed to the Court of Appeals for Cuyahoga County. On July 13, 1978, the court affirmed the judgment of the trial court. On September 26, 1980, the Ohio Supreme Court denied leave to appeal.
 
 
 6
 Petitioner filed two postconviction petitions in the state trial court, each of which was dismissed. On appeal from the dismissal of the second postconviction petition the court of appeals ruled that the dismissal of the petition was without prejudice to the filing of a new postconviction petition.
 
 
 7
 On January 31, 1984, petitioner filed a third state postconviction petition pro se. In this petition, petitioner claimed that he was denied the effective assistance of counsel because counsel had a conflict of interest in also representing petitioner's codefendant Lewicki. The trial court dismissed the petition. On appeal, the Court of Appeals remanded the case for an evidentiary hearing on petitioner's ineffective assistance claim. The Ohio Supreme Court denied leave to the prosecutor to appeal.
 
 
 8
 On February 11, 1986, the state trial court held an evidentiary hearing. Petitioner was represented at the hearing by his present counsel. On February 19, 1986, the trial court issued a decision denying the petition. The state trial court found that defendant's trial counsel, Thomas Shaughnessy ("Shaughnessy"), had declined to put Lewicki on the stand as a result of trial strategy to protect petitioner's interests and not as a result of considering Lewicki's interests. On February 28, 1986, petitioner filed his first federal habeas corpus petition. While his federal petition was pending, petitioner filed a state appeal from the denial of his postconviction petition. On March 5, 1987, the Ohio Court of Appeals affirmed that decision. On June 10, 1987, the Ohio Supreme Court denied leave to appeal.
 
 
 9
 On August 25, 1987, a United States magistrate issued a Report and Recommendation in the federal case recommending that the first federal petition be denied. The grounds raised in the petition and reviewed by the magistrate did not include the ineffective assistance of counsel claim. On May 17, 1988, the district court adopted the Report and Recommendation and denied the petition. On May 26, 1989, we affirmed the district court.
 
 
 10
 On November 2, 1988, petitioner filed the petition in the instant case. In this petition, petitioner alleged as his sole ground for relief that he was denied effective assistance of trial counsel because counsel had a conflict of interest from representing petitioner's codefendant.
 
 
 11
 On September 22, 1989, the magistrate issued a Report and Recommendation declining to dismiss the petition as an abuse of the writ. The magistrate concluded that there was no proof that petitioner had deliberately withheld his ineffectiveness claim from his first petition based on any improper motivation. The magistrate concluded on the merits that trial strategy was the motivating factor in Shaughnessy's decision to not place Lewicki on the stand and that Shaughnessy was motivated by the belief that Lewicki's testimony would harm petitioner. The magistrate, therefore, recommended that the petition be denied.
 
 
 12
 On October 3, 1989, petitioner filed objections to the magistrate's Report and Recommendation. On October 6, 1989, respondent Arnold Jago filed an objection to the magistrate's conclusion that the petition was not subject to dismissal as an abuse of the writ.
 
 
 13
 On April 19, 1990, the district court adopted the Report and Recommendation and denied the petition. On April 30, 1990, petitioner filed a motion to alter or amend the judgment and for a new trial. On May 14, 1990, the district court denied the motion by marginal entry.
 
 
 14
 On June 12, 1990, petitioner filed a timely notice of appeal from the judgment denying his petition and from the order denying his motion for new trial, to alter or to amend. A certificate of probable cause was granted on June 28, 1990.
 
 II.
 A.
 
 15
 Dismissal of a habeas petition under Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts lies within the discretion of the district court. Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987). The standard for determining an abuse of the writ changed after the filing of briefs in this case. The Supreme Court recently decided McCleskey v. Zant, 111 S.Ct. 1454 (1991). In McCleskey, the Court held that if the government alleges and makes a prima facie showing that a federal habeas petition has previously been filled, the petitioner must show "cause and prejudice" in order not to have the subsequent petition dismissed under the abuse of the writ doctrine. Id. at 1470. The "cause and prejudice" standard was adopted from the test applied to state procedural default. Id. The Court had already held that where a petitioner sought federal habeas relief and had not exhausted state remedies because of a procedural default, the petitioner must show cause and prejudice in order to have the federal court review the state detention on habeas. Engle v. Isaac, 456 U.S. 107, 129 (1982). For example, the Court has ruled that actual ineffective assistance of counsel can be cause for failure to complete properly the state proceedings. A mere allegation of ineffective assistance of counsel, however, is not sufficient to show cause. McCleskey, 111 S.Ct. at 1470. The Court held in United States v. Frady, 456 U.S. 152 (1982), that prejudice must be determined case by case. Id. at 168.
 
 
 16
 Petitioner argues the cause prong is met. He states that he did not include the present claims in the first petition because at the time of filing the first petition, the instant claims were not ripe. The instant claims were still being litigated in state court habeas proceedings. Those proceedings must be completed before a federal habeas petition is ripe for review. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir.1990). Petitioner argues he was presented with a dilemma. He could not include the instant claims with the first petition because then the petition would not be ripe. If he waited until the instant claims were exhausted, he risked having his earlier claims rejected as being stale. It was already six years after the trial and the state could claim that it had been prejudiced by petitioner's delay in filing the claims listed in the first federal habeas petition.
 
 
 17
 A plurality Supreme Court opinion has indicated some justices might find that the lack of exhaustion of some claims is not an adequate reason for filing successive petitions. Rose v. Lundy, 455 U.S. 509, 520-21 (1982). The magistrate found Rose not binding because it was only a plurality opinion. Joint Appendix at 359. We express no opinion on whether petitioner sufficiently demonstrated cause. We resolve the case on the merits without commenting on whether the petition is an abuse of the writ.
 
 B.
 
 18
 We review judgments in habeas corpus proceedings de novo while deferring to state court findings of fact which are supported by the record. Lundy v. Campbell, 888 F.2d 467, 469 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). To establish a claim of ineffective assistance of counsel based upon a conflict of interest, petitioner must show an actual conflict and prejudice resulting from the conflict. See Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). We find that petitioner in the instant case can show that a conflict of interest existed but cannot show that he was prejudiced by the conflict.
 
 1.
 
 19
 We find a clear conflict of interest in Shaughnessy's simultaneous representation of petitioner and his codefendant, Lewicki. Lewicki was a potential defense witness. The testimony that Lewicki might have given in support of petitioner would have been prejudicial to Lewicki himself. It would have required an admission of perjury. Thus the conflict was not merely potential. There came a time when counsel had to decide whether or not to put Lewicki on the stand for the benefit of petitioner. At that time Shaughnessy had a conflicting duty to protect Lewicki from a potential perjury charge and negative impact on the pending direct appeal in Lewicki's case.
 
 2.
 
 20
 Although we find an actual conflict of interest, we do not find that the conflict actually prejudiced petitioner. To show prejudice, petitioner must show that the conflict has caused ineffective performance of counsel. Id.
 
 
 21
 The state court determined that Shaughnessy failed to call Lewicki as a witness as a result of trial strategy rather than because of concerns about Lewicki's interests. Joint Appendix at 232 (State trial court Opinion and Ruling on Petition for Postconviction Relief), 240 (State appellate court affirmance of Postconviction Ruling). The district court properly deferred to the state courts' finding of fact that Shaughnessy's decision not to call Lewicki to testify was merely trial strategy. Findings of fact by state courts which are supported by the record must be presumed correct. 28 U.S.C. § 2254(D); Lundy, 888 F.2d at 469.
 
 
 22
 We find the state's determination of Shaughnessy's motive fully supported by the record. Lewicki's testimony was of questionable value because it would contradict prior statements and therefore was prone to an attack on its credibility. Additionally, Shaughnessy testified in a state court hearing of petitioner's post-conviction motion that his decision not to call Lewicki was based solely upon his opinion that Lewicki's testimony would adversely, rather than favorably, affect petitioner's defense. Shaughnessy testified that he was concerned the jury would infer petitioner was not credible if petitioner called Lewicki to the stand and the prosecution showed Lewicki changed his story. We, therefore, find that the state court finding of fact is fully supported by the record and we are, therefore, bound by that finding.
 
 
 23
 Once it is established as a matter of fact that Shaughnessy decided not to place Lewicki on the stand solely because of his consideration of the welfare of petitioner and without regard to the interests of Lewicki, it is clear that the conflict of interest did not cause ineffective performance of counsel. In this case it is established that in fact there was no effect from the conflict on the handling of petitioner's case. The prejudice prong is, therefore, not met and petitioner is not entitled to a writ of habeas corpus.
 
 III.
 
 24
 For the foregoing reasons, we AFFIRM the decision denying a writ of habeas corpus of the Honorable Alvin I. Krenzler, United States District Judge for the Northern District of Ohio.
 
 
 
 *
 The Honorable Paul V. Gadola, United States District Judge for the Eastern District of Michigan, sitting by designation