945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul R. MANNING, Petitioner-Appellant,
v.
George D. ALEXANDER, Respondent-Appellee.
 No. 91-3481.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1991.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Paul Manning filed a petition for habeas corpus relief under 28 U.S.C. § 2254 in which he challenged the constitutionality of his 1984 jury convictions for rape and gross sexual imposition. The initial district court's dismissal of the case for want of exhaustion was reversed on appeal. Manning v. Alexander, 912 F.2d 878 (6th Cir.1990). The district court, on remand, considered the merits of the petition and again entered an order of dismissal.
 
 
 3
 Upon consideration, we conclude that the district court properly dismissed Manning's habeas petition as he has not shown that he was denied fundamentally fair proceedings. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). Manning claimed that he received ineffective assistance of appellate counsel on direct appeal of his criminal convictions. We find that Manning has not demonstrated that his appellate counsel was ineffective as defined in Strickland v. Washington, 466 U.S. 668, 686-87 (1984). The alleged errors, failure to challenge the substance and application of Ohio R.Juv.P. 37(B), did not constitute actual deficient performance and no prejudice to Manning is apparent.
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.