989 F.2d 498
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David CARNEY, Petitioner-Appellant,
v.
Howard CARLTON, Warden, Respondent-Appellee.
 No. 92-5885.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1993.
 
 1
 Before KENNEDY and SUHRHEINRICH, Circuit Judges, and SPIEGEL, District Judge.*
 
 ORDER
 
 2
 David Carney, a Tennessee state prisoner, appeals pro se from the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Carney was convicted following a jury trial of second degree murder and was sentenced to life imprisonment. From his petition it appears that his conviction was affirmed on direct appeal in the Tennessee state courts, and that he has filed several unsuccessful state post-conviction actions. He also apparently has filed a previous federal habeas petition. In this petition, Carney alleged that he had been denied a transcript for purposes of appeal, that his counsel had been ineffective in failing to object to prosecutorial misconduct, and that the trial court had erred in limiting the number of preemptory challenges allowed and in excluding relevant evidence. Before a response was filed, the district court dismissed this petition, finding that none of the issues had been presented to the Tennessee Supreme Court, and that Carney had not established cause and prejudice to excuse this procedureal default. On appeal, Carney argues that at least some of the issues raised were presented to the Tennessee Supreme Court. This court previously granted a certificate of probable cause to appeal.
 
 
 4
 In order to exhaust state court remedies, a petitioner is required to give the highest court in the state an opportunity to rule on his claims. See Manning v. Alexander, 912 F.2d 878, 881 (6th Cir.1990). The district court was correct in ruling that, if Carney had not presented the issues now raised to the Tennessee Supreme Court, his petition should be dismissed as there is no showing of cause and prejudice to excuse such a procedural default. Cf. Wainwright v. Sykes, 433 U.S. 72, 84 (1977). Unfortunately, without the benefit of a response containing the state court records, it is impossible to discern whether any of the issues raised were properly exhausted. The petition itself indicates that some of the issues may have been properly exhausted on direct appeal in the state courts. Additionally, some of the issues may have been pursued to the Supreme Court in a post-conviction proceeding, although the petition fails to allege such exhaustion. Any such properly exhausted issues would need to be examined on the merits.
 
 
 5
 Accordingly, the district court's order is vacated and this case is remanded for further proceedings to allow the respondent to document the state court proceedings. Thereafter, any exhausted issues should be addressed on the merits, and the issues on which Carney procedurally defaulted would be properly dismissed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable S. Arthur Spiegel, U.S. District Judge for the Southern District of Ohio, sitting by designation