992 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James TAYLOR, Jr., Petitioner-Appellant,
v.
Luella BURKE, Respondent-Appellee.
 No. 92-2219.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1993.
 
 Before GUY and NELSON, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. He has filed a motion for the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 James Taylor, Jr., pleaded guilty to one count of retail fraud (shoplifting) and one count of fourth degree habitual offender. On October 10, 1991, he was sentenced to serve one to fifteen years imprisonment.
 
 
 3
 In his petition for a writ of habeas corpus, filed November 25, 1991, one month after he was sentenced, Taylor asserted that his conviction as a fourth degree habitual offender was invalid because it was based in part on a 1980 conviction obtained in violation of his constitutional rights. He further complained that a 1985 conviction as a third degree habitual offender, for which he was sentenced to a three to eight year term of imprisonment, was also based on the invalid 1980 conviction.
 
 
 4
 The matter was referred to a magistrate judge who construed the pro se petition as an attack on the 1991 conviction. The magistrate judge next determined that Taylor failed to meet the total exhaustion requirement of 28 U.S.C. § 2254(b) by first presenting his claims for review in the state court. The magistrate judge also determined that, under Michigan law, available remedies remained for Taylor to challenge his conviction in the state court. 28 U.S.C. § 2254(c). The magistrate judge recommended that the petition be dismissed for lack of exhaustion of state remedies. The district court adopted the report and recommendation over Taylor's objections.
 
 
 5
 Upon review, we conclude that the petition was properly dismissed. Prerequisite to filing a petition for federal habeas relief, a state prisoner must first present his claims for review in the state courts. See 28 U.S.C. § 2254(b); Manning v. Alexander, 912 F.2d 878, 881 (6th Cir.1990); Pillette v. Foltz, 824 F.2d 494, 496 (6th Cir.1987). The exhaustion requirement is met upon a showing that the claims have been presented for full and fair review by the state's highest court. Manning, 912 F.2d at 881. Review of state court documents does not support Taylor's allegation that he has complied with the total exhaustion rule.
 
 
 6
 Accordingly, the motion for appointment of counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.