37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Terrence W. HATTIE, Petitioner-Appellant,
v.
Phillip PARKER, Warden, Respondent-Appellee.
 No. 94-3158.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1994.
 
 Before: SUHRHEINRICH, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Terrence W. Hattie, a pro se Ohio state prisoner, appeals from the order denying his motions to enforce the judgment and compel compliance with a previous court order in this habeas corpus proceeding filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hattie entered a guilty plea to charges of aggravated robbery and felonious assault and was sentenced to four to twenty-five and two to fifteen years of imprisonment, respectively, to run concurrently. Subsequent to his plea, two other counts from the indictment, attempted rape and abduction, were merged with the felonious assault conviction. In the underlying habeas action, Hattie argued, among other claims, that this merger violated due process. This court agreed and conditionally granted the writ unless the state dismissed those merged charges and directed the Ohio Adult Parole Authority (OAPA) not to rely on them in calculating Hattie's parole eligibility. The district court entered a similar order on remand.
 
 
 3
 The state dismissed the merged counts. However, Hattie believed that the OAPA was still relying on the dismissed attempted rape count because he was being required to attend sex offender treatment as a condition of parole. Accordingly, he filed motions to enforce the judgment and compel compliance with the court's order. A response was filed and oral argument was heard. The district court then determined that the respondent had complied with the earlier judgment. Two alternative grounds for this finding were stated by the district court: first, that the previous order required only that the dismissed count not be relied on in calculating Hattie's parole eligibility, and not the conditions of parole; and second, that other evidence of unrelated sexual misconduct existed which justified the imposition of a sex offender treatment program. On appeal, Hattie admits that the OAPA is now relying on other allegations of sexual misconduct in requiring him to attend a sex offender treatment program. However, he argues that the district court construed this court's grant of the writ too narrowly in its first ground for denying relief and that the reliance on this new information is presumptively vindictive, as well as being unconstitutional, as it requires him to accept responsibility for a crime with which he was never charged.
 
 
 4
 Upon review, we conclude that the district court properly denied the motions to enforce the judgment and compel compliance with the court's order, as Hattie failed to establish noncompliance on the part of the respondent. Hattie admits that the OAPA is now relying on unrelated accusations of sexual misconduct in setting the contested parole condition. Accordingly, the OAPA is at least facially complying with the court's order. If Hattie wishes to challenge the new basis for the parole condition on the grounds of vindictiveness and unconstitutionality, he must first give the state courts an opportunity to rule on these claims. See Manning v. Alexander, 912 F.2d 878, 881 (6th Cir.1990). Hattie has already been informed by the Ohio Supreme Court that a remedy to determine the constitutionality of parole conditions exists in the form of a declaratory judgment action. Hattie v. Anderson, 626 N.E.2d 67, 71 (Ohio 1994) (per curiam) (a habeas/mandamus action raising different challenges to the OAPA's decision). Because we agree with the district court's second alternative ground for finding that the state was in compliance with the court's previous order, we do not reach the issue of whether the first ground was proper.
 
 
 5
 The district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.