Zollie R. LONG, Petitioner–Appellant,

v.

Fred MCANINCH, Warden,
Respondent–Appellee.

No. 99–4304.

United States Court of Appeals,
Sixth Circuit.

March 1, 2000.

Before NELSON, SILER, and CLAY, Circuit Judges.

NELSON, Circuit Judge.

This is an appeal from a denial of habeas corpus relief sought under 28 U.S.C. § 2254. The district court held that the petitioner had failed to exhaust state collateral remedies with respect to a perceived claim of ineffective assistance of counsel, and a certificate of appealability was granted on the sole question whether "a state post conviction petition had to be filed by petitioner in order to exhaust the claim presented in the petition."

Both parties to the appeal take the position that the petition did not assert an ineffective-assistance-of-counsel claim. The parties tell us that there was thus no requirement for exhaustion of such a claim in the state courts and that the petition should not have been dismissed on failure-to-exhaust grounds. We agree. The case will be remanded for further proceedings.

I

On June 27, 1996, the Court of Common Pleas of Hamilton County, Ohio, found the petitioner, Zollie R. Long, guilty of the

theft of a motor vehicle. Mr. Long was sentenced to imprisonment for six to 15 years. Despite a 30–day deadline for filing a notice of appeal, Mr. Long waited until January 29, 1997—six months after the deadline—before attempting to perfect an appeal. Mr. Long asserted that he had been unaware of the filing deadline, neither the court nor his lawyer having told him about it. He denied any knowing waiver of his right to appeal.

A motion for leave to file a delayed appeal was denied by the Court of Appeals for the First Appellate District of Ohio. The Ohio Supreme Court denied leave to appeal, and the United States Supreme Court denied an application for a writ of certiorari.

Mr. Long then filed a habeas corpus petition in the United States District Court for the Southern District of Ohio. The petition asserted that Long had been unconstitutionally denied his right to appeal, there having been no knowing and voluntary waiver of appeal rights. The district court read the petition as asserting a denial-of-effective-assistance-of counsel claim as well, but this reading is disputed.

The district court issued its final decision on September 17, 1999. The court held that Mr. Long had asserted a claim of ineffective assistance of trial counsel and that this claim should have been raised in a petition for post-conviction relief in the Ohio courts. The district court further concluded that notwithstanding the expiration of the time for filing such a petition, Ohio law still provided a way in which a person in Mr. Long's position could raise a claim of ineffective assistance of trial counsel for failing to timely file a notice of appeal. Pursuant to both statute (28 U.S.C. § 2254(b)) and case law (*e.g., Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990)), the court went on to hold. Mr. Long was required to exhaust all state remedies before seeking habeas relief in federal court. After dismissing the petition on failure-to-exhaust grounds, the district court issued a certificate of appealability (see 28 U.S.C. § 2253(c)) on a single issue:

"Did the District Court err in finding that a state post-conviction petition had to be filed by petitioner in order to exhaust the claim presented in the petition?"

## II

This case comes to us in an odd procedural posture. The certificate of appealability authorizes us only to determine whether Mr. Long should be required to exhaust state remedies with respect to an ineffective-assistance-of-counsel claim. But both Mr. Long and the State of Ohio deny that Mr. Long ever made such a claim.

Mr. Long asserts in his brief that he "did not raise an ineffective assistance of counsel claim in federal court" and that his sole claim was that "he was unconstitutionally deprived of his right to a direct appeal in state court." The respondent agrees, and suggests that this court should hold that the dismissal for lack of exhaustion "was either erroneous or not relevant."

Why was Mr. Long's petition construed as having made a claim that he now denies having made? Turning to the petition itself, we find only one issue set forth— "denial of right to appeal." The petition makes no mention of ineffective assistance of counsel. One of Mr. Long's briefs, however, contains several allegations of lapses on the part of his lawyer. Long asserts that his "appointed counsel refused to file a notice of appeal, despite Petitioner's requests;" that Long was "not properly advised of his appellate rights;" that trial counsel "never informed Petitioner about

filing a timely *pro se* appeal;" and that Long never knew about the 30–day deadline.

The district court also pointed to an affidavit in which Mr. Long made the following assertions:

"4.  I did not waive my right to a direct appeal of my conviction.

"5.  I asked my trial attorney to file an appeal for me.

"6.  My trial attorney told me: 'I will not appeal your case.  Get someone else to find my mistakes.'

"7.  No Notice of Appeal was filed by my trial counsel.

"8.  I did not know that I could have gotten the trial court to appoint another attorney for my appeal, after my trial counsel refused to file my appeal.

"9.  If the trial court had asked me if I wanted an attorney to file a Notice of Appeal and represent me on my appeal I would have said, Yes.

"10.  I did not know that there was a time limit on filing an [sic] timely appeal.

"11.  The thirty days had passed before I discovered that I could file my own Notice of Appeal without my attorney.

"12.  When I did learn that I could file for a delayed appeal of my conviction I contacted the Ohio State Public Defender Commission and asked for assistance in filing a delayed appeal."

The district court concluded that this affidavit, combined with Mr. Long's other filings, made it "apparent that petitioner has asserted a claim of ineffective assistance of trial counsel, for failure to timely file a notice of appeal despite petitioner's requests."  Mr. Long, however, maintains that the only reason he mentioned the deficient performance of his counsel was to show that the alleged waiver of his right to appeal was not knowing, intelligent, and voluntary.  Long's "reference to ineffective assistance of counsel appears to have caused confusion in this case," he says, insisting that the "fundamental issue presented in this case is did Petitioner waive his appeal."

We see no reason to dispute something that is undisputed between Mr. Long and the state—*i.e.,* that the habeas petition asserted no breach of the constitutional right to have the assistance of counsel.  We know of no rule of construction requiring us to construe Mr. Long's petition so liberally that Long must be sent back to state court to pursue a claim he tells us he never wanted to make in the first place.

We are not currently free to consider the merits of the federal constitutional claim Mr. Long does want to assert.  Under 28 U.S.C. § 2253(c) this court has no jurisdiction to address that claim.[1]  The parties are in agreement that a remand would be appropriate, and this would seem to be correct.

The order of dismissal is VACATED, and the case is REMANDED to the dis-

---

1.  This section provides, in relevant part, as follows:

"(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

trict court for further proceedings not inconsistent with this opinion.