*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0020P (6th Cir.)
File Name: 04a0020p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————

FERNANDO LOPEZ,
  *Petitioner-Appellant,*

  *v.*

JULIUS WILSON, Warden,
  *Respondent-Appellee.*

No. 01-3875

—————————

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 00-02416—Donald C. Nugent, District Judge.

Argued: September 16, 2003

Decided and Filed: January 15, 2004

Before: SUHRHEINRICH, COLE, and ROGERS, Circuit
Judges.

—————————

**COUNSEL**

**ARGUED:** Robert D. Little, LAW OFFICE OF ROBERT
LITTLE, Maplewood, New Jersey, for Appellant. Douglas R.
Cole, OFFICE OF THE ATTORNEY GENERAL OF OHIO,
Columbus, Ohio, for Appellee. **ON BRIEF:** Robert D.
Little, LAW OFFICE OF ROBERT LITTLE, Maplewood,
New Jersey, for Appellant. David M. Gormley, Thelma

Thomas Price, OFFICE OF THE ATTORNEY GENERAL
OF OHIO, Columbus, Ohio, for Appellee.

  SUHRHEINRICH, J., delivered the opinion of the court, in
which ROGERS, J., joined. COLE, J. (p. 19), delivered a
separate opinion concurring in the judgment.

—————————

**OPINION**

—————————

### I. Introduction

  SUHRHEINRICH, Circuit Judge. Under Rule 26(B) of the
Ohio Rules of Appellate Procedure, an Ohio defendant
seeking to file an ineffective assistance of appellate counsel
claim must file an application to reopen in the state court of
appeals where the appeal was decided rather than in a state
trial court. In *White v. Schotten*, 201 F.3d 743, 752-53 (6th
Cir.), *cert. denied*, 531 U.S. 940 (2000), this Court held that
an application to reopen appeal under Rule 26(B) of the Ohio
Rules of Appellate Procedure is part of a criminal defendant's
direct appeal, rather than part of the state's post-conviction
process. The difference matters because a defendant is
constitutionally entitled to counsel only during the direct
appeal process. *Compare Evitts v. Lucey,* 469 U.S. 387, 396
(1985) (holding that a defendant is entitled to effective
assistance of counsel on direct appeal), *with Pennsylvania v.
Finley*, 481 U.S. 551, 555 (1987) (holding that a defendant is
not constitutionally entitled to counsel at any stage of
criminal proceedings beyond a direct appeal as of right).
Based on *White*, Petitioner Fernando Lopez claims in this
habeas action that the state court's denial of his request for
appointment of counsel to file a Rule 26(B) motion violated
his federal constitutional rights. Lopez appeals from the order
of the district court denying his petition for writ of habeas
corpus on this ground. *See* 28 U.S.C. § 2254. This Court
granted a certificate of appealability on that issue.

For the reasons that follow, we conclude that *White* is not controlling in this case, because the *White* decision predates the AEDPA,[1] which applies here, and that under the AEDPA, the state court's decision was not contrary to clearly established Federal law. We hold that the district court did not err in denying the writ.

## II. Background

### A. Rule 26(B)

On July 1, 1993, Rule 26(B) of the Ohio Rules of Appellate Procedure took effect. That rule provides in relevant part:

A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

The Ohio Supreme Court adopted this rule after its decision in *State v. Murnahan*, 584 N.E.2d 1204 (Ohio 1992). In *Murnahan*, counsel on direct appeal submitted an *Anders* brief and was permitted to withdraw. Murnahan filed a pro se brief, but the Ohio Court of Appeals rejected his appeal. Murnahan next sought post-conviction relief in the state trial court under Ohio Rev. Code § 2953.21, claiming that his appellate counsel had been ineffective. The Ohio Supreme Court held that ineffective assistance of appellate claims are not cognizable in post-conviction proceedings pursuant to Ohio Rev. Code. § 2953.21, because it would be improper for an inferior court to rule on the adequacy of a proceeding in a

---

[1]Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(1) (1994 & Supp. VII) (AEDPA).

superior appellate court. The Court held that a defendant had a remedy nonetheless, by raising such claims in the Ohio appellate courts under the then-extant version of Rule 26. *Murnahan* 584 N.E.2d, 1290 n. 3. Although by its terms Rule 26 seems to permit only reconsideration of "any cause or motion originally submitted on appeal," the Ohio Supreme Court "construe[d] claims of ineffective assistance of appellate counsel to be tantamount to constitutional claims that should have been presented on appeal," and thus within the scope of the rule. *Id.*

At the same time, the *Murnahan* court recognized the imperfect fit between Rule 26 and ineffective assistance of appellate claims and recommended that Rule 26 be amended. *Id.* at 1209 n.6. In response, the Ohio Supreme Court amended the rule in 1993, adding the above-quoted subsection.[2] However, neither the Ohio Supreme Court nor

---

[2]The Staff Note to the 7-1-93 Amendment states in relevant part:

The 1993 amendment was in response to the Supreme Court's opinion in *State v. Murnahan* (1992), 63 Ohio St. 3d 60, 66 n.6. In *Murnahan*, the Court held that claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals, syl. 1, and requested that a rule be drafted to govern such applications. *Id.* at 66 n.6.

App. R. 26 previously permitted applications for reconsideration to be filed within ten days of the journalization or announcement of the appellate decision. The Court noted in *Murnahan* that although reconsideration under Rule 26 appeared to be restricted to issues already presented to the appellate court, the Court "construe[d] claims of ineffective assistance of appellate counsel to be tantamount to constitutional claims that should have been presented on appeal, and but for their omission the outcome of the case would be otherwise." *Id.* at 65 n.3. Because "claims of ineffective assistance of appellate counsel may be left undiscovered due to the inadequacy of appellate counsel or the inability of the defendant to identify such errors within the time allotted for reconsideration," the Court stated that it may be necessary for defendants to request delayed reconsideration. *Id.* at 65-66. The amendment thus provides for reconsideration in criminal cases beyond the previous limitation of time. The rule permits delayed reconsideration only of the

the new rule indicated whether such proceedings were to be treated as part of direct or collateral review.

This Court did so in *White, supra.* Counsel in that case did not file a Rule 26(B) application until three years after the ninety-day limit had expired. Noting that an attorney's failure to meet a deadline in handling a client's appeal falls below minimal standards of competency imposed on counsel to satisfy constitutional safeguards, and that a defendant only has a constitutional right to assistance of counsel on direct appeal, the question became whether Rule 26(B) applications were part of direct or collateral review. The *White* court concluded that an application to reopen appeal under Rule 26(B) is part of a criminal defendant's direct appeal, and because of that, counsel was constitutionally required.

The State of Ohio argues . . . that a petitioner such as White has no constitutional right to counsel at any stage of criminal proceedings beyond a direct appeal as of right. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 . . . (1987). Without a right to counsel, the petitioner also has no commensurate right to effective assistance from that counsel. However, as this court's decision in *Manning v. Alexander*, 912 F.2d 878, 882 (6th Cir. 1999), made clear, Ohio law does not consider an attack on the adequacy of appellate counsel to be proper in a state habeas proceeding. *See Manning*, 912 F.2d at 882 (citing *Manning v. Alexander*, 50 Ohio St.3d 127, 553 N.E.2d 264 (Ohio1990); *In re: Petition of Brown*, 49 Ohio St.3d 222, 551 N.E.2d 954 (1990)). Furthermore, *Murnahan* emphatically holds that any such attack

---

direct appeal and does not apply to appeals related to post-conviction proceedings pursuant to R.C. 2953.21. The amendment permits applications to be filed more than ninety days after the appellate judgment's journalization if good cause is shown. *See* App. R. 14(B).

(Ohio R. App. P. 26(b), Staff note to 7-1-93 amendment).

cannot be considered part of an Ohio post-conviction matter.

If the application for delayed reconsideration is neither part of a state habeas nor state post-conviction proceeding, it must be a continuation of activities related to the direct appeal itself. Because a defendant is entitled to effective assistance of counsel on direct appeal, *see Evitts v. Lucey*, 469 U.S. 387, 396 . . . (1985), such an individual must be accorded effective assistance of counsel throughout *all* phases of that stage of the criminal proceedings.

*White*, 201 F.3d at 752-53.

## B. Procedural History

Lopez was convicted in 1998 of three counts of rape and three counts of gross sexual imposition. The lower courts sentenced him to terms of life imprisonment on the rape counts and three years of imprisonment on each of the remaining counts. The Ohio Court of Appeals affirmed the convictions and sentences on direct appeal. *State v. Lopez*, No. 74096, 1999 WL 304527 (Ohio App. 1999). Lopez was represented by counsel during that appeal.

In December 1999, more than six months after the state court of appeals issued its judgment, Lopez filed a pro se application to reopen his appeal under Ohio R. App. P. 26(B), alleging that his lawyer in his direct appeal was constitutionally ineffective. Lopez also asked the state court of appeals to appoint new counsel for him. The appellate court ordered a copy of his trial transcript and ordered all proceedings not previously transcribed as part of the direct appeal to be transcribed and filed with the court. On May 11, 2000, the Ohio Court of Appeals denied Lopez's motion to reopen the appeal and denied the motion for appointment of counsel, finding that Lopez had not shown that his original appellate lawyer was ineffective. *State v. Lopez*, No. 74096,

2000 WL 574441 (Ohio App. 2000). The Ohio Supreme Court declined to review that judgment. *State v. Lopez*, 732 N.E.2d 999 (Ohio 2000).

On September 21, 2000, Lopez filed his federal habeas petition, raising two claims: (1) he was denied his federal right to the effective assistance of appellate counsel during his application for reopening filed under Ohio Appellate Rule 26(B); and (2) he was denied his right to the effective assistance of appellate counsel on his first direct appeal. The district court denied the petition, and denied a certificate of appealability. The court held that Lopez was not entitled to habeas relief on these claims because the state court's decisions were not contrary to or an unreasonable application of clearly established law as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The district court noted as to the first claim, a lack of Supreme Court precedent supporting a right to counsel in an application to reopen a direct appeal. The district court also observed that, in *White,* this Court held that an Ohio criminal defendant has the right to counsel during his application for reopening under Rule 26(B), but did not find it dispositive because *White* was decided prior to *Williams*, and therefore, this Court had no reason to analyze the state court opinion under the *Williams* factors.

Lopez appealed to this Court. On February 14, 2002, this Court granted a certificate of appealability on the following issue: "Whether Lopez was denied the right to the effective assistance of appellate counsel during his application for reopening filed under Ohio App. R. 26(B)." Order dated February 14, 2002.

On April 22, 2002, Respondent asked this Court to certify the following question to the Ohio Supreme Court:

Is a proceeding filed in the Ohio court of appeals under Rule 26(B) of the Ohio Rules of Appellate Procedure–which provides in relevant part that a

"defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel"-- a civil, post-conviction or collateral proceeding for challenging a final judgment in a criminal case, or is it instead part of the defendant's first-appeal-of-right in the criminal case?

### III. AEDPA

"Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 123 S. Ct. 1398, 1401 (2003) (internal citations and quotation marks omitted). Congress did so through both procedural requirements, *see David v. Hall*, 318 F.3d 343, 346 (1st Cir. 2003) (stating that "[o]ne of AEDPA's main purposes was to compel habeas petitions to be filed promptly after conviction and direct review, to limit their number, and to permit delayed or second petitions only in fairly narrow and explicitly defined circumstances" (citing 28 U.S.C. § 2244(d)(1)(A)-(D); H.R.Rep. No. 104-518 at 111 (1996)), and standards governing the merits of a habeas application. *See Woodford*, 123 S. Ct. 1401. One of the mechanisms for accomplishing these goals was an amended version of 28 U.S.C. § 2254(d)(1), which places "new constraint[s] on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

The Act provides in relevant part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

28 U.S.C. § 2254(d)(1). In *Williams*, *supra*, the Supreme Court explained the  meaning of "contrary to" and "unreasonable application." A state court's legal decision is "contrary to" clearly established federal law under § 2254(d)(1) if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided a case differently than the Supreme Court's decisions on materially indistinguishable facts. *Id.* at 412-13. An "unreasonable application" occurs when the state court correctly identified the correct legal principle from Supreme Court precedent but unreasonably applied that principle to the facts of the case before it.  *Id.*  "[C]learly established Federal law, as determined by the Supreme Court," refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Id.* at 412.

Thus, according to the AEDPA and the Supreme Court, our inquiry begins with the relevant state court decision. Here, the Ohio Court of Appeals denied Lopez's motion for appointment of counsel on May 11, 2000, stating merely that "Motion by Appellant, Pro Se, For Appointment of Counsel is Denied."[3]  The state court did not identify controlling

---

**3**Ironically, in its opinion denying Petitioner's pro se application to reopen direct appeal, the Ohio Court of Appeals cited *White v. Schotten*, albeit for a different proposition:

The fact that applicant's appellate counsel did not present the assignments of error as federal constitutional violations does not preclude applicant from raising these issues in a federal habeas petition and having them reviewed by a federal court if counsel's failure to do so amounted to ineffective assistance of appellate counsel.  See *White v. Schotten* , (6th Cir.2000), 201 F.3d 743. Consequently, applicant is not prejudiced [because his appellate

---

Supreme Court precedent or otherwise explain its reasoning. However, the state court decision need not cite Supreme Court precedent, or even reflect awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam).

### IV. Analysis

### A. Merits

Lopez argues that the district court erred in denying the writ because the United States Supreme Court has found a constitutional right to appointed counsel, and this Court has ruled that Ohio's application to reopen a direct appeal is a direct appeal requiring the appointment of counsel. *See White, supra.*  Were this case not governed by the AEPDA, *White,* a pre-AEDPA decision, would be controlling and Lopez would easily prevail on this point. However, the AEDPA applies here, requiring us to analyze the constitutional question under the more deferential standards set forth by that Act. *Compare Taylor v. Withrow*, 288 F.3d 846, 850 (6th Cir. 2002) (noting that the AEDPA "sets a higher hurdle for those seeking habeas than before"), *cert. denied*, 537 U.S. 1007 (2002), *with McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996) (pre-AEDPA case; stating that de novo standard of review applies to questions of federal constitutional law). *See also Price v. Vincent*, 123 S. Ct. 1848 (2003) (reiterating § 2254 standards, as explained by *Williams* court; faulting Sixth Circuit for reciting this standard but then evaluating the respondent's claim *de novo* rather than through the lens of § 2254(d)). In short, because the standard of review is much more deferential under the AEDPA, *White* is not controlling.

---

counsel did not raise federal issues in state court].

*State v. Lopez*, No. 74096, 2000 WL 574441, at *3 (N.D. Ohio May 11, 2000).

The *White* decision involved the application of *Evitts* to "a unique aspect of Ohio law," Rule 26(B). *See McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Prior to determining the federal constitutional question of whether the petitioner was entitled to counsel in filing his application to reopen direct appeal, the *White* court determined whether a state procedural rule, 26(B), was part of direct or collateral review. As a panel of this Court recently explained:

[In *White*] [w]e first noted that "an attorney's failure or refusal to abide by established time deadlines in handling a client's appeal is conduct falling below the minimal standards of competency that federal case law has imposed upon counsel to satisfy constitutional standards." *Id.* at 752 (citing *Strickland v. Washington*, 466 U.S. 668, 698 . . . (1984), and *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998)). While the Ohio Public Defender indisputably and grossly failed to abide the ninety-day deadline for 26(B) applications and therefore rendered ineffective assistance of counsel, this conclusion alone does not establish a constitutional violation because a defendant only has a constitutional right to effective assistance of counsel when there is a constitutional right to *effective assistance of counsel when there is a constitutional right to* assistance of counsel *simpliciter. As there is such a constitutional right only on direct and not on collateral review, the resolution of [the] case depended on this classification of 26(B) applications. Ibid.* (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 . . . (1987)). We noted that challenges to the constitutional effectiveness of appellate counsel cannot be brought in Ohio habeas proceedings. *Ibid.* (citing *Manning v. Alexander*, 912 F.2d 878, 882 (6th Cir. 1990)). Then we concluded that such challenges cannot be brought in any Ohio post-conviction proceedings. *Ibid.* (citing *Murnahan*, 584 N.E.2d at 1208 (holding "that claims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings *pursuant to R.C. 2953.21."*

(emphasis added)). If 26(B) proceedings were not part of the Ohio habeas or other post-conviction review, we reasoned, they must be part of direct review. *Ibid.* If they were part of direct review, White had a constitutional right to effective assistance of counsel. *Id.* at 752-53, 584 N.E.2d 1204. As he had been denied such assistance, we remanded for consideration of the merits of his claims. *Id.* at 754, 584 N.E.2d 1204. The United States Supreme Court denied certiorari. *Bagley v. White*, 531 U.S. 940 . . . (2000) (mem.).

*Lambert v. Warden, Ross Correctional*, No. 01-34222, 2003 WL 22071466, at *3 (6th Cir. Sept. 2, 2003) (emphasis added).

While several of our published cases have purported to apply the rule of *White* in the AEDPA setting, *see Bronaugh v. Ohio,* 235 F.3d 280 (6th Cir. 2000); *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2002); *Miller v. Collins*, 305 F.3d 491, 493-95 (6th Cir. 2002); *Griffin v. Rogers,* 308 F.3d 647, 655 (6th Cir. 2002), in each of those cases, the question of whether a Rule 26(B) motion was part of direct or collateral review was decided in the context of the proper application of the AEDPA statute of limitations and its tolling provision, 28 U.S.C. § 2244(d)(1)(A) & (d)(2).[4] In determining whether a habeas petition is barred by the statute of limitations, a federal court is not provided with a state court decision on the

---

[4]Under 28 U.S.C. § 2244(d)(1)(A), a conviction becomes final for purposes of the one-year period of limitations upon "conclusion of direct review or the expiration of the time for seeking such review." Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In other words, "[s]ection 2244 explicitly distinguishes between the conclusion of direct review, after which the limitation period begins to run, 28 U.S.C. § 2244(d)(1)(A), and post-conviction remedies, during which the limitation period is merely tolled, § 2244(d)(2)." *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003).

issue, to which it owes deference under AEDPA, because no state court will have the opportunity to consider the issue. By contrast, in cases such as this, in which a federal court must consider the nature of 26(B) application to determine whether a criminal defendant has the right to counsel in filing such an application, the federal court must grant AEDPA deference to the state court's conclusion that the defendant was not entitled to appointed counsel. Accordingly, even those post-AEDPA Sixth Circuit decisions considering the nature of 26(B) applications for the purpose of determining the timeliness of habeas petitions do not engage in the analysis required here – a determination of whether a state court's decision is contrary to or an unreasonable application of federal law – and the holdings at those cases are properly limited to such cases.

We now turn to the "clearly established Federal law" at the time of the Ohio Court of Appeals' decision. *Evitts v. Lucey*, 469 U.S. 387 (1985), which *White* itself relied upon, provides the best overview of the applicable Supreme Court precedent:

Almost a century ago, the Court held that the Constitution does not require States to grant appeals as of right to criminal defendants seeking to review alleged trial court errors. *McKane v. Durston*, 153 U.S. 684 . . . (1894). Nonetheless, if a State has created appellate courts as "an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant," *Griffin v. Illinois*, 351 U.S., at 18 . . . , the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution. In *Griffin* itself, a transcript of the trial court proceedings was a prerequisite to a decision on the merits of an appeal. *See id.*, at 13-14 . . . . We held that the State must provide such a transcript to indigent criminal appellants who could not afford to buy one if that was the only way to assure an "adequate and effective" appeal. *Id.* at 20 . . . ; *see also Eskridge v. Washington State Board of Prison Terms and Paroles*,

357 U.S. 214, 215 . . . (1958) (per curiam) (invalidating state rule giving free transcripts only to defendants who could convince a trial judge that "justice will thereby be promoted"); *Burns v. Ohio*, 360 U.S. 252 . . . (1959) (invalidating state requirement that indigent defendants pay fee before filing notice of appeal of conviction); *Lane v. Brown*, 372 U.S. 477 . . . (1963) (invalidating state procedure whereby meaningful appeal was possible only if public defender requested a transcript); *Draper v. Washington*, 372 U.S. 487 . . . (1963) (invalidating state procedure providing for free transcript only for a defendant who could satisfy the trial judge that his appeal was not frivolous).

Just as a transcript may by rule or custom be a prerequisite to appellate review, the services of a lawyer will for virtually every layman be necessary to present an appeal in a form suitable for appellate consideration on the merits. *See Griffin*, *supra*, 351 U.S. at 20 . . . . Therefore, *Douglas v. California, supra,* recognized that the principles of *Griffin* required a State that afforded a right of appeal to make that appeal more than a "meaningless ritual" by supplying an indigent appellant in a criminal case with an attorney. 372 U.S. at 358 . . . . This right to counsel is limited to the first appeal as of right, *see Ross v. Moffitt,* 417 U.S. 600 . . . (1974), and the attorney need not advance *every* argument, regardless of merit, urged by the appellant, *see Jones v. Barnes*, 463 U.S. 745 . . . (1983). But the attorney must be available to assist in preparing and submitting a brief to the appellate court, *Swenson v. Bosler*, 386 U.S. 258 . . . (1967) (per curiam), and must play the role of an active advocate, rather than a mere friend of the court assisting in a detached evaluation of the appellant's claim. *See Anders v. California*, 386 U.S. 738 . . . (1967); *see also Entsminger v. Iowa*, 386 U.S. 748 . . . (1967).

*Evitts*, 469 U.S. at 393-94.

As *Evitts'* canvassing of the relevant precedent reflects, the Supreme Court has never held that a criminal defendant has the right to assistance of counsel to file an application to reopen a direct appeal. The question becomes whether the facts of the present case are "materially indistinguishable" from one of the foregoing decisions but with a different result. *See Williams*, 529 U.S. at 406. None of the foregoing cases are factually analogous, however. To begin with, only a few of those cases actually deal with access to counsel per se, and only two, *Douglas v. California,* 372 U.S. 353 (1963), and *Evitts*, found the right to assistance of counsel on appeal as of right. In *Douglas,* the indigent defendants were denied their request for the assistance of counsel on appeal as of right. The *Douglas* court found that the defendants were denied equal protection of the law where their one appeal of right was decided without the benefit of counsel. The *Douglas* Court analogized to *Griffin v. Illinois*, 351 U.S. 12 (1956):

> In *Griffin v. Illinois*, we held that a State may not grant appellate review in such a way as to discriminate against some convicted defendants on account of their poverty. There, as in *Draper v. Washington*, 372 U.S. 487, . . . the right to a free transcript on appeal was in issue. Here the issue is whether or not an indigent shall be denied the assistance of counsel on appeal. In either case the evil is the same: discrimination against the indigent. For there can be no equal justice where the kind of an appeal a man enjoys 'depends on the amount of money he has.' *Griffin v. Illinois*, *supra,* at p. 19 . . . .

*Douglas*, 372 U.S. at 355. Significantly, the Supreme Court limited its holding as follows:

> We are not here concerned with problems that might arise from the denial of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon

> by an appellate court. We are dealing only with the first appeal, granted as a matter of right to rich and poor alike (Cal. Penal Code §§ 1235, 1237), from a criminal conviction.

*Douglas,* 372 U.S. at 356.

In *Evitts*, the defendant's retained counsel filed a timely notice of appeal but failed to file the statement of appeal as required by a state rule of appellate procedure when he filed the brief and record on appeal, resulting in dismissal of the appeal. Thus, the issue in *Evitts* was whether the Due Process Clause of the Fourteenth Amendment guarantees the criminal defendant the right to the *effective* assistance of counsel on his first appeal as of right. The Supreme Court held that it did.

The Supreme Court found no right to appointed counsel in *Ross v. Moffitt,* 417 U.S. 600 (1974) and *Pennsylvania v. Finley,* 481 U.S. 551 (1987). In *Ross*, the defendant was denied appointment of counsel for discretionary review, after his convictions were affirmed on his appeals of right by the state court of appeals. The *Ross* Court held that the rule of *Douglas* did *not* extend to discretionary state appeals and for petitions of certiorari. In *Finley*, the Supreme Court held that a state law providing prisoners assistance of counsel in collateral postconviction proceedings did not require full procedural protections which the Constitution extends for trial and first appeal of right. The *Finley* Court reasoned that "since a defendant has no constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiorari, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process." *Id.* at 555.

Here, Lopez's request for appointed counsel to file an application to reopen his first appeal as of right is somewhere "beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court." *Douglas*, 372 U.S. at 356. Although a panel

of this Court upon de novo review has determined that such a motion falls under the rubric of a direct appeal, under the more deferential standard of review set forth in the AEDPA, it cannot be said that the Ohio Court of Appeals' decision denying the right to appointed counsel was contrary to "clearly established Federal law as determined by the Supreme Court," because the result is not different from a case with materially indistinguishable facts.

In sum, as the district court held, the decision of the state appellate court denying Lopez's request for appointment of counsel was not contrary to "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

### B. Motion to Certify

The Warden has also asked us to certify to the Ohio Supreme Court the question of whether a Rule 26(B) motion to reopen is properly characterized as a civil, post-conviction proceeding for challenging a final judgment in a criminal case, or is instead part of the defendant's first appeal as of right in a criminal case. Rightly or wrongly, *see Lambert*, 2003 WL 22071466, at *7-8, this question has already been addressed by this Circuit in *White*. Thus, a request for further clarification by the Ohio Supreme Court by this panel would be improper, because the only reason for this panel to certify a question would be to revisit the prior panel's decision, which we cannot do. *See Salmi v. Secretary of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985) ("A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision."); *see also* 6th Cir. Rule 206(c) (stating that a published panel opinion is binding on all subsequent panels). In any event, we would not be bound by the state courts' characterization of Rule 26(B) proceedings

for purposes of determining whether the federal question presented.

### V. Conclusion

For the foregoing reasons, the judgment of the district court denying Petitioner's petition for writ of habeas corpus is **AFFIRMED.** Petitioner's motion to certify is **DENIED**.

---

**CONCURRENCE**

---

R. GUY COLE, JR., Circuit Judge, concurring in the judgment. I concur only in the judgment reached by the majority and agree that Lopez's petition for a writ of habeas corpus must be denied. The crucial inquiry in this case is whether the state's decision to deny Lopez counsel with respect to his motion to reopen an appeal was contrary to clearly established federal law as determined by the United States Supreme Court. Because the Supreme Court has not established that criminal defendants are entitled to counsel in a motion to reopen an appeal nor that such a motion is part of a direct appeal, Lopez is not entitled to habeas relief pursuant to the AEDPA. Absent clearly established law by the Supreme Court with respect to those issues, the state court was not bound by this Circuit's characterization of Rule 26(B) proceedings as part of a criminal defendant's direct appeal.