### Michael BEARDEN, Petitioner–Appellant,

v.

### John CASON, Respondent–Appellee.

### No. 03–2186.

United States Court of Appeals,
Sixth Circuit.

April 14, 2004.

Joan E. Morgan, Sylvan Lake, MI, for Petitioner–Appellant.

Raina I. Korbakis, Asst. Atty. General, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before RYAN, DAUGHTREY, and CLAY, Circuit Judges.

### ORDER

Michael Bearden, a Michigan prisoner represented by counsel, appeals a district court judgment that denied his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The parties have waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Bearden pleaded guilty to second-degree murder in the Gratiot County, Michigan, Circuit Court pursuant to a plea bargain agreement and was sentenced to twenty to forty years of imprisonment. The Michigan Court of Appeals affirmed the sentence on appeal, *People v. Bearden,* No. 210997 (Mich.Ct.App. July 2, 1998) (unpublished), and the Michigan Supreme Court denied leave to appeal. *People v. Bearden,* 459 Mich. 951, 616 N.W.2d 170 (1999) (table).

Thereafter, Bearden filed a motion for relief from judgment in the sentencing court seeking a resentencing, alleging that he is unlikely to receive parole because of changes with the Michigan Parole Board. The sentencing court denied the motion, and the Michigan Court of Appeals denied a delayed application for leave to appeal. The Michigan Supreme Court again denied Bearden leave to appeal. *People v. Bearden,* 467 Mich. 893, 653 N.W.2d 408 (2002) (table).

Next, Bearden filed his federal habeas petition in the district court again asserting that he was sentenced based upon incorrect information because he is unlikely to receive parole because of changes with the Michigan Parole Board. The state responded in opposition to the petition, and Bearden filed a reply. The district court denied the petition as without merit, and Bearden filed a timely notice of appeal. The district court granted Bearden a certificate of appealability.

On appeal, Bearden reiterates his claim that he is entitled to habeas corpus relief because his sentence was based on factual-

ly and legally inaccurate information in violation of the Due Process Clause. The state responds that there is no evidence that Bearden's sentence was based on inaccurate information. Upon de novo review, *see McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir.2003); *Griffin v. Rogers*, 308 F.3d 647, 650–51 (6th Cir.2002), we affirm the judgment for the reasons stated by the district court in its opinion and order filed August 6, 2003. Essentially, Bearden's claim that he was sentenced based on false information is belied by the record. *See Roberts v. United States*, 445 U.S. 552, 556, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980); *United States v. Tucker*, 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 740–41, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). Accordingly, Bearden's claim is without merit.

For the foregoing reasons, the district court's judgment is affirmed.