Betty DENNIS, Petitioner–Appellant,

v.

Joan YUKINS, Respondent–Appellee.

No. 03–1776.

United States Court of Appeals,
Sixth Circuit.

May 4, 2004.

Betty Dennis, Plymouth, MI, pro se.

Debra M. Gagliardi, Asst. Atty. General, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before BOGGS, Chief Judge; NELSON and SUTTON, Circuit Judges.

*ORDER*

Betty Dennis appeals a district court judgment that dismissed her petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the Detroit Recorder's court in 1995, Dennis was convicted of conspiracy to commit first-degree murder, assault with intent to commit murder and solicitation of first-degree murder. Dennis was sentenced to concurrent terms of life imprisonment, twenty to fifty years of imprisonment, and twenty to fifty years of imprisonment, respectively. After the trial court denied a subsequent motion for a new trial, the Michigan Court

of Appeals affirmed the convictions on direct appeal, *People v. Dennis,* No. 184623, 1999 WL 33441279 (Mich.Ct.App. June 8, 1999), and the Michigan Supreme Court denied leave to appeal. *People v. Dennis,* 462 Mich. 897, 642 N.W.2d 676 (2000) (table).

Next, Dennis filed her federal habeas corpus petition in the district court alleging nine claims for relief that she had asserted in the Michigan courts: (1) that the Detroit Recorder's Court lacked jurisdiction over her case after she requested trial in a Wayne County Circuit Court; (2) that her criminal information was improperly amended just prior to trial; (3) that co-conspirator hearsay evidence was improperly admitted at trial; (4) that her convictions are against the weight of the evidence and that her motion for a directed verdict was improperly denied; (5) that the prosecutor asked improper questions and made improper remarks and arguments at trial; (6) that the trial court erred when it failed to sua sponte instruct the jury regarding a prosecution witness's agreement to provide truthful testimony; (7) that inadmissible evidence of uncharged misconduct was improperly admitted at trial; (8) that she received ineffective assistance of trial counsel; and (9) that cumulative errors denied her a fair trial. The state filed an answer in opposition, and Dennis filed a traverse.

The magistrate judge recommended that the petition be denied as meritless, and Dennis filed objections. The district court adopted the magistrate judge's recommendation by amended order. Dennis filed a timely notice of appeal, and the district court granted Dennis a certificate of appealability with respect to each of her claims for habeas corpus relief. On appeal, Dennis reiterates her claims for habeas corpus relief. The state responds that the district court correctly rejected each of Dennis's claims.

Upon de novo review, *see McClendon v. Sherman,* 329 F.3d 490, 492 (6th Cir.2003); *Griffin v. Rogers,* 308 F.3d 647, 650–51 (6th Cir.2002), we affirm the judgment for the reasons stated in the magistrate judge's report and recommendation filed June 4, 2002, and adopted by the district court in its amended order filed May 14, 2003.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.