**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0599n.06

No. 09-5362

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Sep 09, 2010**

LEONARD GREEN, Clerk

JEFFREY ALAN CASEY,

     Petitioner-Appellant,

v.

STATE OF TENNESSEE

     Respondent-Appellee.

                                  /

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

Before: COLE and CLAY, Circuit Judges; and KATZ, District Judge.[*]

     **KATZ, District Judge.** Petitioner, Jeffrey Casey, appeals from the district court's denial of his petition for habeas corpus relief. Casey was convicted by a Tennessee jury of two counts of first-degree murder in 1984 and sentenced to two concurrent life sentences. After losing his direct appeal and filing several unsuccessful petitions for post-conviction relief in state court, Casey filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 in 2006. After holding an evidentiary hearing, the district court denied the petition as untimely under 28 U.S.C. § 2244(d)(1), finding that Casey was not entitled to equitable tolling on the ground of "actual innocence." We **AFFIRM**.

     Admitting that his petition is otherwise untimely, Casey seeks equitable tolling of the § 2244(d)(1) limitations period on the ground of "actual innocence." As this circuit has held, "equitable tolling of the one-year limitations period based on a credible showing of actual innocence

_____

[*] The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

is appropriate." *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). But "actual innocence means factual innocence, not mere legal insufficiency." *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). It is the petitioner who bears the burden of making this showing, *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003), which requires the petitioner to present "new evidence of innocence," and not merely "new evidence" of a constitutional violation. *Schlup v. Delo*, 513 U.S. 298, 316 (1995).

In this case, Casey complains of several defects in the hearing he received before the juvenile court that transferred him to be tried as an adult on the murder charges, as well as the juvenile court's resulting order. Specifically, Casey contends that the juvenile court failed to find, as required by Tenn. Code Ann. § 37-234(a)(4) (1983), that there were "reasonable grounds" to believe that Casey was "not committable to an institution for the mentally ill" and that "[t]he interests of the community require that the child be put under legal restraint or discipline" prior to ordering him transferred for trial as an adult. Casey also contends that the juvenile court erred in finding that he had waived his statutory right under Tenn. Code Ann. § 27-234(3) (1983) to three days prior notice of the transfer hearing. In Casey's view, these errors amount to a violation of federal due process under *Kent v. United States*, 383 U.S. 541, 562 (1966), which held that a juvenile transfer hearing "must measure up to the essentials of due process and fair treatment." Casey further claims that his lawyer at the juvenile court hearing did not provide him with effective assistance of counsel. Citing the transcript of the juvenile court hearing as "new evidence," Casey argues that the invalid transfer order deprived him of due process and defeated the jurisdiction of the circuit court that tried him for murder as an adult, thus rendering his conviction void.

2

But Casey's attack on the adequacy of the juvenile court proceedings is simply not the sort of claim contemplated by the "actual innocence" exception as justifying equitable tolling. Even if Casey is correct that the juvenile court's invalid transfer order entirely deprived the circuit court of jurisdiction to try him as an adult, the "new evidence" he adduces in support of that claim in no way indicates his factual innocence of the crime charged or his lack of competence to stand trial for that charge, bearing instead only on the legal sufficiency of the transfer proceedings. Regardless of whether the constitutional errors claimed by Casey are characterized as "procedural" or "jurisdictional" in nature, they do not implicate the "concern about the injustice that results from the conviction of an innocent person," *Schlup*, 513 U.S. at 325, that underlies "actual innocence" tolling.

Therefore, we **AFFIRM** the judgment of the district court denying the petition.